IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD LEE HINTON,**

    Plaintiff,

v.                                                                   Civil Action No. **3:16CV222**

**P. McCABE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Donald Lee Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on March 29, 2018, the Court granted Defendant Dr. Calhoun's Motion for Summary Judgment. (ECF Nos. 91, 92.) In his remaining claim, Hinton contends that Nurse Patricia McCabe denied him adequate medical care during his incarceration in the Lawrenceville Correctional Center ("LCC"). The matter is before the Court on Defendant McCabe's Motion for Summary Judgment. (ECF No. 93.) Despite the provision of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notice, Hinton has not responded. For the reasons that follow, the Motion for Summary Judgment will be GRANTED and the action will be DISMISSED.

    **I.    SUMMARY OF RELEVANT ALLEGATIONS**

During the pendency of this litigation, Hinton has filed nearly everything as a "Motion," and has continuously submitted procedurally improper filings with made-up titles. Hinton's numerous submissions, including motions and piecemeal complaints, have made the case

difficult to process and his claims difficult to discern. In his operative Complaint (ECF No. 31),[1] Hinton contends that Defendant McCabe violated his rights under the Eighth and Fourteenth Amendments because she "put a contaminated needle that had the deadly Hepatitis C virus and gave Plaintiff this deadly virus" and that as a "professional certified nurse, [she] knew not to use a contaminated needle." (Compl. 1.)[2] As discussed below, to the extent these vague statements amount to claims for relief, the record refutes that Hinton contracted Hepatitis C from Defendant McCabe's use of a contaminated needle.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and

---

[1] By Memorandum Order entered on April 18, 2017, the Court construed this document entitled "((MOTION))" and on the second page "((MOTION TO AMEND))" and its attachments as Hinton's Complaint and informed Hinton that this new Complaint would supplant all other previously filed complaints. (ECF No. 32.) The Court employs the pagination assigned by the CM/ECF docketing system to Hinton's submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from Hinton's submissions.

[2] Presumably, Hinton intends to allege that Nurse McCabe injected him with the contaminated needle.

2

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citation omitted). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the *onus* of proof is imposed." *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448, 20 L. Ed. 867 (1871)).

In support of her Motion for Summary Judgment, Defendant McCabe cites to: (1) Dr. Calhoun's declaration (Mem. Supp. Mot. Summ. J. Ex. A, ECF No. 75-1 ("Calhoun Decl.")); and, (2) Hinton's extensive medical records during the relevant period (*id.* Ex. B, ECF No. 75-2).

Hinton failed to respond to the Motion for Summary Judgment, thereby failing to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). While Hinton swore to the contents of his Complaint, his Complaint fails to constitute admissible evidence.[3] Hinton's complete failure to present any evidence to counter Defendants' Motion for Summary Judgment permits the Court to rely solely on Defendant's

---

[3] Hinton's allegations against Defendant McCabe are nothing more than terse conclusions and fail to constitute admissible evidence. *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (internal quotation marks omitted) (citations omitted) (explaining that "[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment").

submissions in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))); *see* Fed. R. Civ. P. 56(c)(3) ("The Court need consider only the cited materials . . . .").

In light of the foregoing submissions and principles, the following facts are established for the purposes of the motion for summary judgment.

### III. SUMMARY OF UNDISPUTED FACTS

Defendant Calhoun has been employed as an institutional physician at LCC since July 2011 and has been practicing medicine for thirty-nine years. (Calhoun Aff. ¶ 1.) On the morning of April 15, 2015, Defendant Calhoun and Nurse McCabe were working at LCC. (*Id.* ¶ 4.) Nurse McCabe was responsible for that morning's diabetic call during which diabetic inmates reported for glucose testing, insulin, and other treatment as needed. (*Id.*) Hinton was among the inmates who reported for diabetic call that morning. (*Id.* ¶ 5.) Later that morning, Defendant Calhoun learned that Nurse McCabe may have reused a needle to administer insulin. (*Id.* ¶ 6.) Defendant Calhoun was concerned that any cross-contamination could place LCC's diabetic inmates at risk of contracting infectious diseases and the medical staff were instructed to obtain laboratory testing samples from the diabetic inmates so medical staff "could obtain a baseline for monitoring these inmates for infectious diseases." (*Id.* ¶ 7.) Medical staff obtained a laboratory testing sample from Hinton approximately two hours after the morning diabetic call and the sample was sent out for testing the same day. (*Id.* ¶ 8.)

On June 8, 2015, the medical staff at LCC received the test results for Hinton. (*Id.* ¶ 9.) The test results indicated that Hinton tested positive for Hepatitis B and C antibodies. (*Id.*) On

July 1, 2015, medical staff obtained blood samples from Hinton and sent the samples out for repeat testing. (*Id.* ¶ 10.) On July 7, 2015,[4] the laboratory again reported that Hinton tested positive for both Hepatitis B and C antibodies. (*Id.*) On July 14, 2015, medical staff obtained additional samples from Hinton and sent the samples out for testing to ascertain whether Hinton was positive for Hepatitis C ribonucleic acid ("RNA"). (*Id.* ¶ 11.) On July 17, 2015, the laboratory reported that Hinton was positive for Hepatitis C RNA. (*Id.*)

On October 2, 2015, medical staff obtained additional samples from Hinton and Defendant Calhoun ordered testing for the RNA genotype for Hinton's Hepatitis C. (*Id.* ¶ 12.) On October 9, 2015, the laboratory returned results indicating that Hinton's RNA genotype was 1b, a less prevalent form of Hepatitis C. (*Id.*) As of April 2015, there were three inmates at LCC other than Hinton who were known to be infected with Hepatitis C genotype 1b and none of those inmates were diabetic. (*Id.* ¶ 13.)

Defendant Calhoun avers that

> [t]o a certainty, Hinton was infected with Hepatitis C long before [the] incident [on April 15, 2015]. We obtained laboratory test samples from Hinton within hours of the cross-contamination incident. The testing laboratory detected Hepatitis C and Hepatitis B antibodies in Hinton's test samples. It takes several weeks for the immune system to produce Hepatitis C antibodies in sufficient quantity to return a positive laboratory test. Thus, Hinton's belief that he first became infected with Hepatitis C on April 15, 2015 is a medical impossibility. Hinton could only have contracted Hepatitis C several weeks, or even years, prior to April 15, 2015.

(*Id.* ¶ 14.) To the extent that Hinton indicates that he has had many blood tests during his incarceration and had never tested positive for Hepatitis C before, Defendant Calhoun explains

---

[4] Defendant Calhoun mistakenly states in his Affidavit that the laboratory reported these results on July 7, 2017, but the records reflect that Defendant Calhoun meant to state July of 2015 instead. These records were "resulted" on July 3, 2015 and printed by LCC July 7, 2015. (*See* ECF No. 75–2, at 64.)

that the laboratory reports prior to April 15, 2015 do not reflect that Hinton was tested for Hepatitis C on those dates. (*Id.* ¶ 21.)

Defendant Calhoun explains that the nurse suspected of cross-contaminating the insulin was terminated by LCC because the incident was a breach of medical protocol. (*Id.* ¶ 22.)

Defendant Calhoun explains that chronic Hepatitis C is not an immediately life-threatening condition, and most persons with Hepatitis C generally have a normal life expectancy. (*Id.* ¶ 15.) Defendant Calhoun explains that the danger with Hepatitis C is that it can lead to cirrhosis of the liver; however, it can take years or decades for persons infected with Hepatitis C to develop cirrhosis. (*Id.*) Defendant Calhoun explains that those inmates with a high fibrosis score, which is indicative of cirrhosis, are eligible for certain treatments. (*Id.* ¶¶ 17–18.) Hinton's most recent chronic care visit was November 30, 2017 and his laboratory tests reflected a very low fibrosis score and have generally reflected liver values in the normal range for a healthy adult. (*Id.* ¶¶ 19, 20.) Defendant Calhoun explains that Hinton's normal liver values are not uncommon and he "may go his whole life without exhibiting concerning liver values." (*Id.* ¶ 20.)

### III. EIGHTH AMENDMENT

To survive a motion for summary judgment on an Eighth Amendment[5] "cruel and unusual punishment" claim, Hinton "must prove two elements: (1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164,

---

[5] "[I]t is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater *substantive* protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Although Hinton brings his claims under the Eighth and Fourteenth Amendments, the Court evaluates Hinton's claims solely under the Eighth Amendment.

167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). An inmate must demonstrate both that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Id.* (citing *Wilson*, 501 U.S. at 298–300). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams*, 77 F.3d at 761 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

To satisfy the objective element of an Eighth Amendment claim, the deprivation complained of must be extreme and amount to more than the "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (some internal quotation marks omitted) (quoting *Hudson*, 503 U.S. at 9). "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id.* at 1381; *see Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (requiring that an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions").

Hinton contends that Defendant McCabe violated his rights under the Eighth Amendment because she "put a contaminated needle that had the deadly Hepatitis C virus and gave Plaintiff this deadly virus" and that as a "professional certified nurse, [she] knew not to use a contaminated needle." (Compl. 1.) According to Defendant McCabe, "[t]he record clearly

reflects that the Defendant, McCabe, did not follow proper procedure and lost her job as a result. However, the evidence is equally clear and undisputed that McCabe did not cause Hinton to be infected with the Hepatitis C virus." (Mem. Supp. Mot. Summ. J. 6, ECF No. 94 (emphasis omitted).) Hinton fails to satisfy the objective component for his Eighth Amendment claim. Hinton fails to demonstrate, as he must, that he sustained any injury, much less a serious or significant physical or emotional injury, resulting from Defendant McCabe's suspected reuse of a needle to administer insulin. *Strickler*, 989 F.2d at 1381. The record conclusively demonstrates that Hinton did not contract Hepatitis C from any action of Defendant McCabe's on April 15, 2015. Rather, "[t]o a certainty," Hinton was exposed to the disease long before McCabe's suspected use of a contaminated needle. (Calhoun Aff. ¶ 14.) Given that deficiency, Hinton fails to demonstrate an Eighth Amendment violation. *Strickler*, 989 F.2d at 1381; *cf. Mitchell v. Corizon Health, Inc.*, No. CV14-1754-PHX-DGC(BSB), 2015 WL 390752, at *2–4 (D. Ariz. Jan. 28, 2015) (showing at most negligence or medical malpractice and not an Eighth Amendment violation when inmate alleged that he was exposed to potentially deadly diseases when nurse used contaminated needle to administer insulin); *Jones v. Vass*, No. 3:11CV510, 2013 WL 364364, at *4 (E.D. Va. Jan. 30, 2013) (finding no Eighth Amendment violation when inmate failed to demonstrate any injury, much less a serious or significant emotional injury, resulting from nurse not changing gloves between inmates while using needles to administer tuberculosis skin tests); *Ringgold v. Federal Bureau of Prisons*, No. 07–2733 (RBK), 2007 WL 2990690, *2–4 (D. N.J. Oct. 5, 2007) (failing to state Eighth Amendment claim when inmate alleged that his "injury" was "physical contact" with contaminated needles used to inject insulin). Accordingly, Hinton's claim against Defendant McCabe will be DISMISSED.

## VI. CONCLUSION

Defendant McCabe's Motion for Summary Judgment (ECF No. 93) will be GRANTED. Hinton's claim against Defendant McCabe is DISMISSED. The action is DISMISSED.

An appropriate Order shall issue.

Date: 6/11/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge