

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD LEE HINTON,**

    Plaintiff,

v.                                                  Civil Action No. **3:16CV222**

**P. McCABE,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

Donald Lee Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on March 29, 2018, the Court granted Defendant Dr. Calhoun's Motion for Summary Judgment. (ECF Nos. 91, 92.) In his remaining claim, Hinton contended that Nurse Patricia McCabe denied him adequate medical care during his incarceration in the Lawrenceville Correctional Center ("LCC"). Defendant McCabe filed a Motion for Summary Judgment and provided Hinton with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). However, Hinton did not respond. Accordingly, by Memorandum Opinion and Order entered on June 12, 2018, the Court granted Defendant McCabe's Motion for Summary Judgment and dismissed the action.

On June 25, 2018, the Court received a "Motion to File Appeal on Court Erred in Judgment." (ECF No. 101.)[1] Plaintiff contends that he never received the Motion for Summary Judgment filed by Defendant McCabe on March 29, 2018. The Court notes that the Motion for Summary Judgment and accompanying Memorandum in Support contain a certificate of mailing that clearly indicates that these filings were mailed to Plaintiff at Lawrenceville Correctional

---

[1] The Court corrects the capitalization and spacing and omits the emphasis in quotations from Plaintiff's submissions.

Center. (ECF No. 93, at 3; ECF No. 94, at 8.) Accordingly, in order to ascertain whether Hinton received the Motion for Summary Judgment, by Memorandum Order entered on July 2, 2018, the Court directed Defendant McCabe to obtain a portion of the incoming mail records from Hinton's place of incarceration and a sworn statement from the mail clerk and a sworn statement from counsel for Defendant McCabe pertaining to whether he received returned mail.

Counsel for Defendant McCabe has responded and provided the Court with the mail records. Counsel avers that, to the best of his knowledge, the Motion for Summary Judgment and accompanying documents were mailed to Hinton. (ECF No. 109, at 1.) However, he notes that, according to the mail log, Hinton "**DID NOT** receive our Motion and Notice for Summary Judgment." (*Id.*)

The Court will construe Hinton's Motion to File Appeal on Court Erred in Judgment, as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion."). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Hinton does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Hinton to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice."

As it appears that Hinton failed to receive the Motion for Summary Judgment and Roseboro notice, and the accompanying Memorandum in Support, Hinton has adequately demonstrated that the Court's dismissal of this action against Defendant McCabe amounted to manifest injustice or that the dismissal must be vacated to prevent clear error of law. Thus, Hinton establishes that Rule 59(e) relief is appropriate. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 101) will be GRANTED. Thus, the June 12, 2018 Memorandum Opinion and Order (ECF Nos. 99, 100) granting summary judgment to Defendant McCabe will be VACATED.

The Clerk will be DIRECTED to mail the Motion for Summary Judgment (ECF No. 93) and *Roseboro* notice and the accompanying Memorandum in Support (ECF No. 94) to Hinton. Hinton will have twenty (20) days from the date of entry hereof to file a response. Defendant McCabe will have fourteen (14) days after Hinton filed his response to file any reply.

Hinton's Motion to Dismiss Defendant P. McCabe's Motion for Summary Judgment for Fraud and Move to Settlement and/or Evidentiary Hearing (ECF No. 112) will be DENIED.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Hinton.

It is so ORDERED.

Date: 8/17/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

3