IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**DONALD LEE HINTON,**

    Plaintiff,

v.                                                                         Civil Action No. **3:16CV222**

**P. McCABE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Donald Lee Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on March 29, 2018, the Court granted Defendant Dr. Calhoun's Motion for Summary Judgment. (ECF Nos. 91, 92.) In his remaining claim, Hinton contended that Nurse Patricia McCabe denied him adequate medical care during his incarceration in the Lawrenceville Correctional Center ("LCC"). Defendant McCabe filed a Motion for Summary Judgment and provided Hinton with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). However, Hinton did not respond. Accordingly, by Memorandum Opinion and Order entered on June 12, 2018, the Court granted Defendant McCabe's Motion for Summary Judgment and dismissed the action.

Thereafter, Hinton credibly asserted that he never received the Motion for Summary Judgment filed by Defendant McCabe on March 29, 2018. Accordingly, by Memorandum Opinion and Order entered on August 17, 2018, the Court vacated the June 12, 2018 Memorandum Opinion and Order, mailed the Motion for Summary Judgment and accompanying Memorandum in Support to Hinton, and permitted Hinton time to file a response. (ECF No. 114, 115.) After an extension of time, Hinton filed a "Motion to Deny Defendant's Motion for Summary Judgment."

("Opposition," ECF No. 120 (capitalization corrected).) By Memorandum Opinion and Order entered on October 2, 2018, the Court granted Defendant McCabe's Motion for Summary Judgment and dismissed the action. (ECF Nos. 123, 124.)

On October 12, 2018, Hinton filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 125). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Hinton does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Hinton to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

First, Hinton takes issue with the fact that Defendant McCabe filed a document that the Court referred to as a "response" to Hinton's Opposition to Defendant McCabe's Motion for Summary Judgment. (Mem. Supp. Rule 59(e) Mot. 2, ECF No. 126; *see* ECF Nos. 122, 123, at 2.) Hinton claims he never received this "response." (*Id.*) Although this submission was called a

2

"response," it was truly a reply to Hinton's Opposition to the Motion for Summary Judgement filed by Defendant McCabe. Although it is unfortunate that Hinton purportedly failed to receive this reply, his lack of receipt of the reply does not require vacating the Memorandum Opinion and Order granting summary judgment. Hinton was notified of his right to file responsive materials and had his sole procedural opportunity to present evidence opposing the Motion for Summary Judgment when he filed his Opposition. Hinton had no procedural right to file a response of any sort to the reply. *See* E.D. Va. Loc. Civ. R. 7(F). Thus, Hinton fails to demonstrate that vacating the prior opinion is necessary to "to correct a clear error of law or prevent manifest injustice." Fed. R. Civ. P. 59(e).

Next, Hinton contends that the Court is biased against him because it has described his submissions as improperly labeled or procedurally incorrect and because he is an inmate. (Mem. Supp. Rule 59(e) Mot. 3.) Contrary to Hinton's belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Hinton has not demonstrated that the undersigned harbors any bias against him or any circumstance where the impartiality of the undersigned might be reasonably questioned. *See* 28 U.S.C. §§ 144, 455. Accordingly, the Court discerns no clear error of law or manifest injustice in the dismissal of Hinton's complaint.

Finally, the remainder of Hinton's Rule 59(e) Motion continues to re-argue his claims and his response to the Motion for Summary Judgment. However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or prevent evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1 at 127–28 (2d ed. 1995)).

Because Hinton fails to identify any clear error of law in the Court's conclusions or any other ground for relief under Rule 59(e), his Rule 59(e) Motion (ECF No. 125) will be DENIED.

An appropriate Order shall issue.

Date: 30 January 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge