IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD LEE HINTON,**

    Plaintiff,

v.                                                                               Civil Action No. **3:16CV222**

**P. McCABE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Donald Lee Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on March 29, 2018, the Court granted Defendant Dr. Calhoun's Motion for Summary Judgment. (ECF Nos. 91, 92.) In his remaining claim, Hinton contended that Nurse Patricia McCabe denied him adequate medical care during his incarceration in the Lawrenceville Correctional Center ("LCC"). Defendant McCabe filed a Motion for Summary Judgment and provided Hinton with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Hinton did not respond. Accordingly, by Memorandum Opinion and Order entered on June 12, 2018, the Court granted Defendant McCabe's Motion for Summary Judgment and dismissed the action.

Thereafter, Hinton credibly asserted that he never received the Motion for Summary Judgment filed by Defendant McCabe on March 29, 2018. Accordingly, by Memorandum Opinion and Order entered on August 17, 2018, the Court vacated the June 12, 2018 Memorandum Opinion and Order, mailed the Motion for Summary Judgment and accompanying Memorandum in Support to Hinton, and permitted Hinton time to file a response. (ECF No. 114, 115.) After an extension of time, Hinton filed a "Motion to Deny Defendant's Motion for Summary Judgment."

("Opposition," ECF No. 120 (capitalization corrected).) By Memorandum Opinion and Order entered on October 2, 2018, the Court granted Defendant McCabe's Motion for Summary Judgment and dismissed the action. (ECF Nos. 123, 124.)

By Memorandum Opinion and Order entered on January 31, 2019, the Court denied Hinton's Rule 59(e) Motion. (ECF Nos. 129, 130.) On March 19, 2019, the United States Court of Appeals for the Fourth Circuit dismissed his appeal. (ECF No. 133.) Although the case is closed and will remain so, Hinton continues to submit various motions and memoranda. For example, on April 4, 2019, Hinton submitted a "Motion to Alter or Amend Judgment with Newly Discovered Evidence" (ECF No. 135) and "Memorandum in Support of Motion for Recusal" (ECF No. 137). As preliminary matter, and as the Court has already explained to Hinton in denying his first request for recusal of the undersigned (*see* ECF No. 129, at 3), contrary to his belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Hinton has not demonstrated that the undersigned harbors any bias against him or any circumstance where the impartiality of the undersigned might be reasonably questioned. *See* 28 U.S.C. §§ 144, 455. Hinton demonstrates no persuasive reason for the undersigned to recuse himself in this closed civil action. Accordingly, any request to have the undersigned recuse himself is DENIED.

On April 4, 2019, Hinton also filed a "Motion to Alter or Amend Judgment with Newly Discovered Evidence." (ECF No. 135.) He has filed two submissions entitled "BRIEF OPPOSITION" (ECF Nos. 137, 138), that the Court believes support his Motion to Alter or Amend Judgment. In the supporting briefs, Hinton continues to argue the merits of his claims. The Court entered final judgment in this case on October 2, 2018 (ECF Nos. 123, 124), and denied his first

Rule 59(e) Motion on January 31, 2019. (ECF Nos. 129, 130.) Thus, Hinton's "Motion to Alter or Amend Judgment with Newly Discovered Evidence" pursuant to Federal Rule of Civil Procedure 59(e) is untimely and must be considered brought pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party ... from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

In his Rule 60(b) Motion, Hinton alleges that he has newly discovered evidence, but a review of his submissions reveals nothing more than an attempt to continue to litigate his dismissed claims. Hinton fails to identify any exceptional circumstances that would permit the Court to reconsider its dismissal of his claims. Accordingly, his Rule 60(b) Motion (ECF No. 135) will be DENIED.

An appropriate Order shall issue.

Date: 26 August 2019
Richmond, Virginia

/s/ K. J.
John A. Gibney, Jr.
United States District Judge

4